IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MID-CENTURY INSURANCE CO., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 09-1051-CV-W-ODS |
| ) | |
| CLIFFORD D. BAGNELL, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendants seek dismissal of this case, contending diversity of citizenship is lacking. Defendants are citizens of Missouri, and they contend Plaintiffs – insurance companies that provided automobile insurance to one of the Defendants. It is conceded that Plaintiffs are not incorporated in Missouri and their principal place of business is not Missouri; nonetheless, Defendants contend Plaintiffs are deemed citizens of Missouri by virtue of 28 U.S.C. § 1332(c). The Court does not agree that section 1332 applies in this case.

The relevant provision declares that

> in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as any State by which the insurer has been incorporated and of the State where it has its principal place of business.

"Direct action" is a term of art, and an understanding of that term demonstrates that this is not a direct action within the meaning of the statute.

Courts have uniformly recognized that section 1332(c) "was primarily intended to eliminate the use of diversity jurisdiction to gain entry into the federal district court of Louisiana to sue in tort under that state's direct action statute, which allows an injured

party to sue directly the insurer of a tortfeasor without joining the tortfeasor himself as a defendant." Home Indemnity Co. v. Moore, 499 F.2d 1202, 1205 (8th Cir. 1974); see also Hernandez v. Travelers Ins. Co., 480 F.2d 721, 723 (5th Cir. 1974). Courts have further recognized that in employing the phrase "direct action," Congress intended "to refer to statutes such as those in Louisiana and Wisconsin which allow a party injured by the negligence of an insured to pursue his right of action against the insurer alone." Velez v. Crown Life Ins. Co., 599 F.2d 471, 473 (1st Cir. 1979) (quotation omitted). Finally, and perhaps most importantly, the statute does not apply to actions filed *by* and insurance company. Northbrook Nat'l Ins. Co. v. Brewer, 493 U.S. 6, 9 (1989) ("The language of the proviso could not be more clear. It applies only to actions *against* insurers; it does not mention actions *by* insurers.").

This is not a case filed against insurance companies, much less an injured party's suit against an insurer directly based on the insured's negligence. Therefore, this suit does not constitute a direct action and diversity of citizenship exists. The Motion to Dismiss (Doc. # 18) is denied.

IT IS SO ORDERED.

DATE: May 4, 2010

/s/ Ortrie D. Smith  
ORTRIE D. SMITH, JUDGE  
UNITED STATES DISTRICT COURT