IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MID-CENTURY INSURANCE CO., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 09-1051-CV-W-ODS |
| | ) |
| CLIFFORD D. BAGNELL, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION (1) GRANTING DEFENDANTS' MOTION TO ABSTAIN, (2) STAYING PROCEEDINGS, (3) DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, AND (4) DIRECTING PARTIES TO FILE STATUS REPORTS

In separate motions, Defendants seek dismissal of this case, contending the same claims are pending in state court. The parallel proceedings justify this Court staying its hand and the motions are granted to that extent. However, dismissal is not appropriate, so the case is stayed.

In November 2009, Clifford Bagnell's wife (Genevieve) was severely injured in an automobile accident. She later died from her injuries. The Bagnell family offered to settle claims against the other driver for the other driver's policy limits; at the time, Clifford believed his own policies provided $300,000 in underinsured motorist (UIM) coverage. His insurers disagreed in a letter dated December 16, 2009. That same day, his insurers filed this declaratory judgement action. Letters were exchanged between the insurers and the Bagnells, but an agreement could not be reached. On December 21, 2009, Clifford filed suit in state court against (1) the other parties to the accident and (2) his insurance companies. The claims against the insurance company asserted sought declaratory relief as well as monetary relief for breach of contract and vexatious refusal to pay.

The claims in this case are parallel to the claims asserted by Clifford against his insurers in state court. "Suits are parallel if substantially the same parties litigate

substantially the same issues in different forums." Scottsdale Ins. Co. v. Detco Indus.., Inc., 426 F3d994, 997 (8th Cir. 2005) (quotation omitted). This case seeks only a declaratory judgment, which is significant because "in a declaratory judgment action, a federal court has broad discretion to abstain from exercising jurisdiction even if there are no exceptional circumstances as articulated in *Colorado River*." Royal Indemnity Co. v. Apex Oil Co., 511 F.3d 788, 793 (8th Cir. 2008).

> [F]or a district court to have discretion to abstain in a proceeding under the Declaratory Judgment Act, the parallel state court proceeding must present the same issues, not governed by federal law, between the same parties, and the court must evaluate whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding . . . . After considering these factors, a federal court may abstain from the proceeding because ordinarily it would be uneconomical for a federal court to proceed in a declaratory judgment suit where a parallel state court proceeding is pending.

Id. (quotation omitted).

Plaintiffs insist they have not engaged in "procedural fencing," and the Court makes no suggestion they have. However, the Court's discretion to abstain is not affected by the absence of procedural fencing because exceptional circumstances (such as procedural fencing) are not required. All that is required is that the federal case be a declaratory judgment action, the same issues are pending in state court, and no issues of federal law are present. Plaintiffs also contends the state court is not better suited to address these issues of state law because they have been pretensively joined. This is a matter for the state court to decide, and if the state court dismisses the claims against the insurance companies the issue of abstention can be revisited. The claims are currently pending in state court at this time, so parallel proceedings currently exist.

The Court exercises its discretion to abstain. As the quote from Royal Indemnity establishes, there is no justification for the Court or parties to expend time and resources resolving the same issue twice. The Court does not know how much progress has been made in the state case, but the record reflects not much progress has occurred in this case and it is doubtful that any discovery has taken place. See

Local Rule 26.1(b) (prohibiting discovery absent agreement of parties or order of the Court until parties meet as required by Rule 26). The state court is a better tribunal for deciding issues of state law. For these reasons, the Court exercises its discretion to abstain.

      This decision does not necessarily justify dismissal. Defendants present a number of district court decisions dismissing cases when parallel proceedings are present, but almost all of them predate the Eighth Circuit's decision in <u>Royal Indemnity</u>. This is significant because in that case the Court of Appeals upheld the decision to abstain but vacated the dismissal, explaining that when the basis for declining to proceed is the pendency of a parallel state proceeding, a stay is preferred because it will allow the federal action to continue if the state case fails to resolve the issues as anticipated. 511 F.3d at 797-98. This consideration is particularly relevant in this case, where there is a possibility that the state court might dismiss the parallel claims.

      Therefore, instead of dismissing this case, the Court will stay further proceedings. The parties shall file a Joint Status Report on or before July 9, 2010, and every sixty days thereafter. Because the length of the stay is indeterminate, Plaintiffs' Motion for Summary Judgment (Doc. # 7) is denied without prejudice.

IT IS SO ORDERED.

                                                      /s/ <u>Ortrie D. Smith</u>
                                                      ORTRIE D. SMITH, JUDGE
DATE: May 7, 2010                             UNITED STATES DISTRICT COURT